UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
ALLSTAR MARKETING GROUP, LLC,                                          :
                                                                       :
                              Plaintiff,                               :
                                                                       :         20-CV-8406 (JPC)
            -v-                                                        :
                                                                       :         ORDER
AFACAI et al.,                                                         :
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

It is hereby ORDERED that the parties and ContextLogic d/b/a Wish ("Wish") shall appear before the Court for a telephone conference on October 28, 2020 at 11:00 a.m. At the scheduled time, counsel for all parties should call (866) 434-5269, access code 9176261. During the conference, the Court plans to discuss Wish's motion to intervene and to modify the Temporary Restraining Order ("TRO") issued by Judge Paul A. Crotty on October 9, 2020, and also expects to set a date for a preliminary injunction hearing. It is further ORDERED that Plaintiff must file any written opposition to Wish's motion to intervene by close of business on October 27, 2020, and any written opposition to Wish's motion to modify the TRO by 10:00 a.m. on October 28, 2020.

In light of the upcoming conference, the TRO is hereby extended until October 28, 2020, with the exception that Wish's obligations under I(C) (*i.e.*, to cease "providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts," and instructing, aiding, or abetting the same) and V(E)(1)(d) (*i.e.*, to provide documents and records relating to "Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other

products bearing the Socket Shelf Mark and/or Socket Shelf Works and/or marks and/or artwork that are confusing and/or substantially similar to, identical to and constitute an infringement of the Socket Shelf Mark and/or Socket Shelf Works") are hereby stayed pending further order of the Court.

To the extent feasible given the short notice of the conference, the Court requests that Wish be prepared to address at the conference (1) the process by Wish reviews a product "takedown request" submitted by an aggrieved party alleging intellectual property infringement, as well as the usual duration of the process from receipt of a complaint to any product removal, (2) whether Wish has removed any products for any of the named vendor Defendants following "takedown requests" alleging intellectual property violations, as well as the volume of such "takedown requests" and product removals for individual Defendants, and (3) how Wish has determined and calculated the number of sales by Defendants of Shelf Socket products that Plaintiff has identified as infringing.

Further, Plaintiff should be prepared to address (1) whether Plaintiff had identified for Wish any allegedly infringing product listings prior to bringing this suit and, if so, Wish's response, (2) the district court's and the Second Circuit's decisions in *Tiffany v. Ebay*, 576 F.Supp.2d 463 (S.D.N.Y. 2008), *aff'd in part*, 600 F.3d 93 (2d Cir. 2010), particularly with respect to the appropriate scope of injunctive relief as to Wish and Wish's duty to identify infringing products, and (3) why narrower injunctive relief as to Wish cannot be granted under Rule 65 of the Federal Rules of Civil Procedure.

To the extent it has not done so already, Plaintiff is directed to electronically serve all Defendants with a copy of this Order, as well as copies of the Complaint (and all supporting documents), Plaintiff's application for a Temporary Restraining Order (and all supporting documents), Judge Crotty's October 9, 2020 Order granting the Temporary Restraining Order, Wish's motion to intervene and to modify the injunctive relief (and all supporting documents), and

the Court's October 23, 2020 Order, forthwith, but in any event no later than close of business today.

The Clerk of the Court is respectfully directed to unseal this case and all documents and orders previously filed in this case.

SO ORDERED.

Dated: October 26, 2020
New York, New York

_____
JOHN P. CRONAN
United States District Judge