Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*
*Allstar Marketing Group, LLC*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/18/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLSTAR MARKETING GROUP, LLC,<br><br>*Plaintiff*<br><br>v.<br><br>AFACAI, AFANG8ER, ANMT TOOL DEPOT, ANYWANTED, ASDK DKAS, ASIASTORE, AZRAEL-ZERO, BABALA118, BAIIYANGG, BAIYUXIAFEI, BEIJINGZHONGXINJIECHUANGKEJIYOUXIAN GONGSI, BETRUE, BRIGHT01, BRILLIANT18, BTMETER TOOL DEPOT, BUILDING MATERIALS OF HUI JIAMING WATERPROOF COATING, BUMIN-TECHNOLOGY, BUTTERFLY FASHION, CAMYERDEAT, CHANVINCY, CHERRYXIONGSTORE, CINGJGRFY, DAIFAYING, DDI88, DILUSSO7351, DOUBLEFIGHTER, DREAMER-DAY, DUYUXUAN, EAGLEHIT, EARLY MARCH LIUJIA, EASTSHORESPRING, ELECTROTOPS, EOMDKQL, FAITH808, FANCHAOJUN2008, FANGFANG STORE, FANGSHAOBO, FASHION SEXY SHOPPING, FASHIONBAR9, FREDZSANWENYU, FUNYA STORE, FZLOVEWH2016, GARDA-NELY, GDFH3464FS, GÉNESIS, GIGIBAND, GJNGHMKHBN4564, HAOXKKKU, HOQIAO, HUANDUITINYI, HUNG HSING CLOTHES, IMMORTALLIFE, JCY- | **20-cv-8406 (JPC)**<br><br>**PRELIMINARY INJUNCTION ORDER** |

COMMODITY, JEAJUE231, JESIKAKHATUN2843885, JIANGXIAO_0, JINGWANG, JUNAI, JUNFENG2019, JY FUN, KAMI_NO_TOU, KINKIN123, L84-TIANQING, LADYPURSE, LEGENDSTORE, LESLIE SHOPPING, LIUKEMINI4, LIUTENG2019, LOREKNJW, LOUD, LULIQIAO, LUYA, MENTAL REST, MOTHER'S LITTLE SHOP, MOUNTAINSECLUDED, MUSHROOMS, NANYANG NUOYA SHANGMAO, NONGKKW030, NUOYA002, NUOYA3, OUTSET1, PAGEON, PANDA PARADISE GONG, PENGBIQI, PQING, PREUO TELILA SDHOLD, QI LI SHOP, QUALITY_ACTIVITY, RUNRUNRUN1, SARAJEICY94, SATINHISTORIANXD, SDS68DG, SHENZHENSHIKANGZHONGZHIHUAKEJIYOU XIANGONGSI, SHERBANG, SHUJIEFASHION, SUPERMARKET STORES, TIENDAPIPIS, TOPSELLER_2016, TOTEM99, TWINKLE36, UK-DEBRA, UNIONSTORE, VICTECHELECTRONICS, VOYAGEO, WAILULU, WANDU, WANGCAUQYAB, WEN'S LITTLE STORE, WENMONS SOTRE, WENQIANG, WEYADA, WODYBAO FITTING, WOODENTOY, XIAOYUQI2234, XUEXIAO2019, YANHUI2019, YAYUEYING, YIDAS, YONGAN, YUFANG2019, YUKRANE_WS, YULING2019, ZFDGFHJVVJJVJVBCIY965736, ZHANGASH, ZHOU MIAO TOOL DEPOT, ZHUCHUNZHU and ZZRISHANG,

*Defendants*

# GLOSSARY

| Term | Definition |
| --- | --- |
| **Plaintiff or Allstar** | Allstar Marketing Group, LLC |
| **Defendants** | afacai, afang8er, ANMT Tool Depot, anywanted, ASDK DKAS, asiastore, Azrael-zero, babala118, BaiiYangg, Baiyuxiafei, beijingzhongxinjiechuangkejiyouxiangongsi, betrue, Bright01, brilliant18, BTMETER Tool Depot, Building materials of Hui Jiaming waterproof coating, bumin-technology, Butterfly Fashion, camyerdeat, chanvincy, cherryxiongstore, cingjgrfy, daifaying, Ddi88, Dilusso7351, doublefighter, Dreamer-day, duyuxuan, eaglehit, Early March Liujia, Eastshorespring, electrotops, eomdkql, faith808, fanchaojun2008, fangfang store, fangshaobo, fashion sexy shopping, Fashionbar9, FredZsanwenyu, Funya Store, fzlovewh2016, Garda-nely, GDFH3464FS, Génesis, gigiband, GJNGHMKHBN4564, haoxkkku, HOQIAO, huanduitinyi, Hung Hsing clothes, immortallife, jcy-commodity, jeajue231, jesikakhatun2843885, jiangxiao_0, JINGWANG, Junai, junfeng2019, JY Fun, Kami_no_tou, kinkin123, L84-tianqing, ladypurse, legendstore, Leslie shopping, liukemini4, liuteng2019, loreknjw, Loud, LuliQiao, luya, Mental rest, Mother's little shop, mountainSecluded, Mushrooms, NanYang NuoYa ShangMao, Nongkkw030, nuoya002, nuoya3, outset1, pageOn, Panda Paradise Gong, pengbiqi, PQING, PREUO TELILA SDHOLD, Qi Li Shop, quality_activity, runrunrun1, sarajeicy94, SatinhistorianxD, sds68dg, shenzhenshikangzhongzhihuakejiyouxiangongsi, sherbang, shujiefashion, Supermarket stores, tiendapipis, Topseller_2016, totem99, twinkle36, UK-Debra, UnionStore, VictechElectronics, VoyageO, wailulu, WANDU, wangcauqyab, Wen's little store, Wenmons sotre, WENQIANG, WEYADA, Wodybao fitting, woodentoy, xiaoyuqi2234, xuexiao2019, yanhui2019, Yayueying, Yidas, yongan, yufang2019, YUKRANE_WS, yuling2019, Zfdgfhjvvjjvjvbciy965736, zhangash, ZHOU MIAO Tool Depot, ZHUCHUNZHU and zzrishang |
| **Wish** | Wish.com, a San Francisco, California-based, online marketplace and e-commerce platform owned by ContextLogic, Inc., a Delaware corporation ("ContextLogic"), that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily |

| | |
|---|---|
| | originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint filed on October 8, 2020 |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on October 8, 2020 |
| **De Marco Dec.** | Declaration of Jennifer De Marco in Support of Plaintiff's Application |
| **Yamali Dec.** | Declaration of Danielle S. Yamali in Support of Plaintiff's Application |
| **Socket Shelf Mark** | U.S. Trademark Registration No. 6,153,908 for "SOCKET SHELF" for electronic docking station and charging station for electronic devices in Class 9 |
| **Socket Shelf Works** | U.S. Copyright Reg. Nos.: PAu 4-030-375 covering the Socket Shelf Commercial, VAu 1-365-330 covering the Socket Shelf Deluxe Packaging, VAu 1-402-004 covering the Socket Shelf Instruction Manual, VAu 1-347-375 covering the Socket Shelf Packaging, VA 2-135-992 covering the Socket Shelf Website and VAu 1-365-333 covering the Socket Shelf Packaging |
| **Socket Shelf Product** | A unique surge protector device that provides six (6) power outlets and adds two (2) USB charging stations and a shelf to most three-prong outlets |
| **Counterfeit Products** | Products bearing or used in connection with the Socket Shelf Mark and/or Socket Shelf Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Socket Shelf Mark and/or Socket Shelf Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Socket Shelf Mark and/or Socket Shelf Works and/or products that are identical or confusingly or substantially similar to the Socket Shelf Product |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Wish, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, |

| | |
|---|---|
| | employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as ContextLogic, PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly, by ContextLogic, such as Wish, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on October 9, 2020 |

WHERAS, Plaintiff having moved *ex parte* on October 8, 2020 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on October 9, 2020;

WHEREAS, on October 20, 2020, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on each and every Defendant, except Defendants eaglehit, faith808, immortallife, mountainSecluded, VictechElectronics, WENQIANG and Zfdgfhjvvjjvjvbciy965736;

WHEREAS, on October 29, 2020, the Court entered an Order scheduling a preliminary injunction hearing for November 16, 2020, at 3:30 p.m. ("Show Cause Hearing") and extending the TRO until the date of the Show Cause Hearing ("October 29, 2020 Order");

WHEREAS, on October 29, 2020, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served a copy of the October 29, 2020 Order on each and every Defendant, except Defendants eaglehit, faith808, immortallife, mountainSecluded, VictechElectronics, WENQIANG and Zfdgfhjvvjjvjvbciy965736;

WHEREAS, on November 16, 2020 at 3:30 p.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

**<u>ORDER</u>**

1. This injunctive relief shall not apply to Defendants eaglehit, faith808, immortallife,

mountainSecluded, VictechElectronics, WENQIANG and Zfdgfhjvvjjvjvbciy965736.[1]

2. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation or until further order of the Court, and subject to any modifications reflected herein, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Socket Shelf Mark and/or Socket Shelf Works and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Socket Shelf Mark and/or Socket Shelf Works;

   ii. directly or indirectly infringing in any manner Plaintiff's Socket Shelf Mark and/or Socket Shelf Works;

   iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Socket Shelf Mark and/or Socket Shelf Works, to identify any goods or services not authorized by Plaintiff;

   iv. using Plaintiff's Socket Shelf Mark and/or Socket Shelf Works or any other marks and/or artwork that are confusingly or substantially similar to the Socket Shelf Mark and/or Socket Shelf Works on or in connection with Defendants'

---

[1] Plaintiff filed a voluntary Notice of Dismissal for Defendants eaglehit, faith808, immortallife, mountainSecluded, VictechElectronics, WENQIANG and Zfdgfhjvvjjvjvbciy965736.

    manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit

    Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

  viii. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 2(a)(i) through 2(a)(vii) above and 2(b)(i) through 2(b)(ii) and 2(c)(i) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

  i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

  ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

  iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 2(a)(i) through 2(a)(vii) and 2(b)(i) through 2(b)(ii) above.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and

4

determination of this action or until further order of the Court:

　　i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts;

　　ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

　　iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 2(a)(i) through 2(a)(vii), 2(b)(i) through 2(b)(ii) and 2(c)(i) through 2(c)(ii) above.

3. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation or until further order of the Court, including that:

　　a) within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiff's counsel and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and

account balances for any and all of Defendants' Financial Accounts.

4. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, other than with regard to ContextLogic's obligations regarding searching for additional Infringing Listings in Section V of the TRO, which obligation has been narrowed as agreed to between counsel for Plaintiff and ContextLogic, including that:

   a) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

   b) Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

   c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:
      i. account numbers;

ii. current account balances;

iii. any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

iv. any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v. any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements;

vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

vii. any and all User Accounts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants have ever had and/or currently maintain;

viii. the identities, location and contact information, including any and all e-mail addresses, of Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them;

ix. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not

        limited to, information associated with Defendants' User Accounts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts associated with Defendants' User Accounts; and

    x. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing one or more of the Socket Shelf Mark and/or Socket Shelf Works and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the Socket Shelf Mark and/or Socket Shelf Works.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

    i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

    ii. the identities, location and contact information, including any and all e-mail addresses of Defendants;

    iii.    the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts, except ContextLogic is required to produce documents and records relating to a full account of Defendants' sales history and listing history only with respect to those allegedly infringing products identified by Plaintiff in its Complaint or following the agreed-upon search protocols; and

    iv.    Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Socket Shelf Mark and/or Socket Shelf Works and/or marks or artwork that are confusingly or substantially similar to, identical to and constitute an infringement of the Socket Shelf Mark and/or Socket Shelf Works, except ContextLogic is required to produce documents and records relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling only with respect to those allegedly infringing products identified by Plaintiff in its Complaint or following the agreed-upon search protocols.

5. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com or via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order, to Defendants' e-mail addresses as identified by ContextLogic pursuant to Paragraph V(C) of the TRO or may otherwise be determined.

6. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

7. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal will be able to download a PDF copy of this Order via electronic mail to EE Omaha Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where ContextLogic, Inc., via ContextLogic Inc.'s DMCA Agent, will be able to download a PDF copy of this Order via electronic mail at elisa@wish.com and brand-protection@wish.com and to ContextLogic Inc.'s counsel, Dwight Lueck, at Dwight.Lueck@btlaw.com;

   c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at

10

customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

d)  delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department at legal@pingpongx.com.

8. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

9. The $100,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

10. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

11. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this __18___ day of __November_____, 2020, at __3:00_____ _p.m.
New York, New York

_____
HON. JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE