```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
ALLSTAR MARKETING GROUP, LLC,                                      :
                                                                   :
                                Plaintiff,                         :
                                                                   :    20-CV-8406 (JPC)
        -v-                                                        :
                                                                   :    ORDER
AFACAI et al.,                                                     :
                                                                   :
                                Defendants.                        :
                                                                   :
-------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Before the Court is a motion from Contextlogic d/b/a Wish ("Wish") seeking to intervene in a lawsuit brought by Plaintiff Allstar Marketing Group, LLC, alleging that Defendants, various merchants on Wish's online marketplace platform, violated federal and state trademark and copyright laws by selling counterfeit versions of Plaintiff's "Socket Shelf" on Wish's platform. Dkts. 18, 19.  For the reasons stated below, Wish's motion to intervene is GRANTED in part and DENIED as moot in part.

### A.  Background

On October 8, 2020, Plaintiff filed its Complaint, *ex parte* and under seal, bringing claims for trademark infringement, in violation of Section 32 of the Federal Trademark (Lanham) Act, 15 U.S.C. § 1051 *et seq.*; counterfeiting of Plaintiff's federally registered trademark, in violation of 15 U.S.C. §§ 1114(1)(a)-(b), 1116(d) and 1117(b)-(c); false designation of origin, passing off, and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. §1125(a); copyright infringement in violation of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*; and related state and common law claims.  Dkt. 9.  Plaintiff also filed a motion for a Temporary

Restraining Order ("TRO") against Defendants, which the Honorable Paul A. Crotty, acting as the Part I Judge, signed on October 9, 2020. Dkt. 14. The TRO limited Defendants' ability to do business on the Wish platform, and imposed certain discovery obligations on Wish.

On October 15, 2020, Wish filed, under seal, a motion to intervene in this case, thereby allowing Wish to oppose Plaintiff's request for injunctive relief as applied to Wish. Dkt. 18. On October 28, 2020, the Court held a hearing on Plaintiff's application for a preliminary injunction and Wish's motion to intervene. During that hearing, the Court ordered Plaintiff and Wish to meet and confer to devise a plan for more limited discovery as to Wish. Dkt. 27. Plaintiff and Wish then agreed to certain search terms, and Wish provided discovery in accordance with those agreed-upon search protocols. *See* Dkt. 32.

On November 12, 2020, Plaintiff filed a proposed Preliminary Injunction Order, Dkt. 37, and on November 18, 2020, the Court entered the Preliminary Injunction, Dkt. 41. As is relevant here, the Preliminary Injunction limited Wish's discovery obligations to those terms previously agreed upon by counsel, *id.* ¶ 4, and required Wish to shutdown Defendants' storefronts and freeze their accounts on the Wish platform, *id.* ¶ 2(c). The Court, however, made clear that it would remain open to modifying the scope of the injunctive relief upon review of further submissions from the parties. *See* Dkt. 42. The Court is now in receipt of additional submissions from Plaintiff and Wish regarding their views on the proper scope of injunctive relief. Dkts. 45, 46.

## B.  Discussion

It should be noted at the outset that Wish does not seek full intervention in this suit, and does not challenge the merits of Plaintiff's underlying claims. *See* Dkt. 40 at 3 (emphasizing that Wish "takes no position on the relief sought against Defendants"). Instead, Wish seeks to intervene with respect to two aspects of the injunctive relief at issue in this suit: the discovery requests it is

required to respond to, and the storefront shutdowns and asset freezes.  In light of the Court's previous ruling limiting discovery to certain agreed-upon search terms, reflected in the Preliminary Injunction, however, the Court finds that Wish's request to intervene with respect to the discovery requests is moot and accordingly denies that portion of Wish's motion to intervene.  The Court therefore only considers Wish's motion to intervene with respect to the storefront shutdowns and asset freezes.

Wish seeks to intervene as of right under Rule 24(a) of the Federal Rules of Civil Procedure, or, in the alternative, to be permitted to intervene under Rule 24(b).  *See* Fed. R. Civ. P. 24.  Rule 24(a)(2) provides that a court must grant intervention to anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  *Id.*  Thus, to intervene as of right pursuant to Rule 24(a)(2), a non-party must be permitted to intervene if it (1) "file[s] a timely motion;" (2) "show[s] an interest in the litigation;" (3) "show[s] that its interest may be impaired by the disposition of the action;" and (4) "show[s] that its interest is not adequately protected by the parties to the action."  *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 197 (2d Cir. 2000).  "Failure to meet any one of these requirements suffices for a denial of the motion."  *Id.* at 197-98.  A court may also permit a non-party to intervene under Rule 24(b) if the non-party files a "timely motion" and "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).

Plaintiff principally argues that Wish does not have standing to intervene.  In support, Plaintiff cites to *Town of Chester v. Laroe Estates*, in which the Supreme Court held that a non-party intervenor "must demonstrate Article III standing when it seeks additional relief *beyond that*

*which the plaintiff requests.*" 137 S. Ct. 1645, 1651 (2017) (emphasis added); Dkt. 22 at 5.  But as Wish notes, it is not seeking any additional relief beyond the scope of the injunction, but rather seeks to limit the obligations imposed upon Wish in that very injunction.  Accordingly, *Town of Chester* provides little support for Plaintiff's contention that Wish is not entitled to intervene in this action.

The Court thus turns to whether Wish may intervene, starting with whether it may intervene as of right under Rule 24(a).  There appears to be little doubt that the first and fourth prong of the test outlined above are met.  Neither party disputes that Wish's motion to intervene, filed only days after the Complaint was filed, was timely.  *See In re Holocaust Victim Assets Litig.*, 225 F.3d at 198 (stating that, in determining timeliness, the court should consider "how long the applicant had notice of its interest in the action before making its motion," any prejudice from granting or denying the motion, and "any unusual circumstance militating in favor of or against intervention").  Nor do the parties seriously dispute that Defendants, none of whom have appeared in this case, will not adequately represent any interests Wish may have.

The parties do, however, disagree about whether Wish has articulated an adequate interest in the action sufficient to support intervention.  To intervene as of right, a non-party's interest must be "direct, substantial, and legally protectable."  *Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96-97 (2d Cir. 1990) (quoting *Donaldson v. United States*, 400 U.S. 517, 531 (1971)).  "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule."  *Id.* at 97.

Wish contends that it has a protectable interest in the action because the full asset freeze and storefront shutdown will hamper Wish's business.  *See* Dkt. 18 at 5 ("The injunctive relief that

4

Plaintiff seeks . . . jeopardizes Wish's commissions from sales of thousands of Defendants' non-infringing products, and potentially Defendants' continued status as merchants on the Wish platform."). And, as Wish explained during the October 28, 2020 hearing, "an asset freeze as functional matter effects a full-store shutdown, because if the store's account can't function, they can't pay employees for products [and] they can't sell other products that are totally unrelated to the allegedly infringing products here." Dkt. 30 at 12.

Plaintiff argues that this is not a protectable interest because Wish "is asserting rights which belong to existing parties in the instant action, i.e., Defendants." Dkt. 22 at 9. But Wish is not asserting any of Defendants' rights on their behalf, and explicitly disclaims any defense of Defendants' actions on the merits. Instead, it seeks to protect only its own interest in the ongoing viability of the marketplaces on its platform, a seemingly fundamental aspect of its business model. In support of its contention that it has an interest at stake here, Wish draws from the doctrine of appellate standing. *See* Dkt. 40 at 2-3. Seizing upon Second Circuit precedent that a non-party has standing to challenge a judgment on appeal if that party is bound by that judgment, *see NML Capital, Ltd. v. Republic of Argentina*, 727 F.3d 230, 239 (2d Cir. 2013), Wish contends that it has an interest and right to intervene in this action, given that it would be—and is—bound by the terms of the injunction.

While the Court finds that there are obvious differences between the right to intervene under Rule 24(a), which provides specific, defined requirements that must be met for a party to intervene in an action, and the doctrine of appellate standing, which provides a non-party broad recourse to challenge a judgment on appeal, the Court nonetheless finds persuasive Wish's contention that its interests here are cognizable enough to support a motion to intervene, and that those interests may be impaired depending on the disposition of this case. Namely, the injunction binds Wish, restricts

Wish's ability to support the commerce on its platform, requires Wish to shut down certain businesses operating on its platform thereby depriving Wish of revenue generated by sales made by those businesses, and generally imposes certain obligations on Wish "that would significantly limit its business." Dkt. 40 at 3. These interests are concrete and immediate, and not contingent on some future events. *See Wash. Elec. Co-op., Inc.*, 922 F.2d at 96-97. Wish's interest are also closely related to the subject of the action, and granting the motion to intervene would not alter the scope of the action in an impermissible way. *See id.* at 97 (concluding that Rule 24 is "not intended to allow for the creation of whole new suits by intervenors").

And while Plaintiff is surely correct that Defendants also have interests in the continuation of their marketplaces and the release of their funds, this does not somehow prevent Wish from intervening. In fact, Rule 24(a) on its face contemplates that the intervenor and a party may have some shared interests, as it provides that the non-party can only intervene if its interests are not "adequately represent[ed]" by a party to a lawsuit. Fed. R. Civ. P. 24(a)(2). As noted above, neither party seriously disputes that Defendants will not adequately represent Wish's interests here.

Finally, while Plaintiff suggests that Wish should not be allowed to intervene because it is complicit in the sale of counterfeit goods, *see* Dkt. 22 at 9-10, Plaintiff has failed to explain how that negates Wish's right to intervene under the Federal Rules. Importantly, Plaintiff has elected not to bring any claims against Wish, and has elected not to take advantage of Wish's takedown procedures designed to remove infringing goods sold on its platform. Instead, Plaintiff seeks to impose broad injunctive relief that impacts Wish's business, while contending that Wish has no recourse to challenge such impositions notwithstanding its knowledge that Defendants are unlikely to appear in this case. Although, as the Court concluded in granting the Preliminary Injunction, broad injunctive relief has thus far been warranted, Wish cannot be blocked from challenging such

relief in its entirety, when that relief has a direct impact on Wish's operations.

Therefore, the Court grants Wish's motion to intervene for the limited purpose of opposing the store shutdowns and asset freezes under Rule 24(a)(2). Because the Court grants Wish's motion to intervene as of right, it does not reach the question of whether Wish has shown it is permitted to intervene under Rule 24(b).

Accordingly, for the reasons stated above, it is hereby ORDERED that Wish's motion to intervene with respect to discovery is DENIED as moot in light of the parties' adoption of a more limited discovery plan, and Wish's motion to intervene with respect to the storefront closures and asset freezes is GRANTED. The Court declines to adjust the scope of the Preliminary Injunction at this time. However, as set forth in a separately docketed order, the Court will allow Wish to express its views on any permanent injunctive relief in this case.

SO ORDERED.

Dated: January 8, 2021
New York, New York

_____
JOHN P. CRONAN
United States District Judge